IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELIUS CARTER, ) | |
| ) | Civil Action No. 11 - 462 |
| Plaintiff, ) | |
| ) | District Judge David S. Cercone |
| v. ) | |
| ) | Magistrate Judge Cynthia Reed Eddy |
| JOE REICHARD, Counselor; *ET AL.*; ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice in accordance with the screening provisions promulgated in the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A and 28 U.S.C. § 1997e(e) for failure to state a claim upon which relief can be granted.

**II. REPORT**

Plaintiff, Cornelius Carter, an inmate previously confined at the Mercer County Prison, commenced this action against various prison employees alleging negligence and intentional tort claims. For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.

Pertinent to the case at bar is the new authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In addition, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e. In this regard, the PLRA amended section 1997e(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." See 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 3). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B). Moreover,

his Complaint concerns prison conditions and Defendants appear to be employees of a governmental entity. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). To withstand a motion to dismiss, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quotation omitted).

B. Jurisdiction

As tribunals of limited jurisdiction, federal courts must determine whether the case before them properly invokes either federal-question jurisdiction or diversity jurisdiction. Federal-question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, while diversity jurisdiction requires parties to be, *inter alia*, "citizens of different States," and to fulfill an amount-in-controversy requirement. 28 U.S.C. § 1332(a). Here, it appears that Plaintiff and all of the Defendants are citizens of the Commonwealth of Pennsylvania. Thus, this court may exercise jurisdiction over Plaintiff's Complaint only if it arises under the Constitution, laws, or treaties of the United States.

Plaintiff's Complaint was filled out on the form provided to prisoners raising claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983. In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff's complaint alleges that Defendants negligently maintained his prison records, which resulted in another inmate, from whom he was supposed to have a separation from, housed in the same prison. He further complains that this inmate libeled and slandered him and attacked him verbally.

It is well established that allegations of threats or verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983. *See, e.,g.*, Burkholder v. Newton, 116 Fed. App'x 358, 360 (3d Cir. 2004); Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir.1999); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.) (mere threatening language and gestures do not, even if true, amount to constitutional violations), *cert. denied*, 464 U.S. 998 (1983); Wilson v. Horn, 971 F.Supp. 943 (E.D. Pa. 1997) (verbal abuse and harassment, although not commendable, does not rise to the level of a constitutional violation), *aff'd*, 142 F.3d 430 (Table) (3d Cir. 1998); Maclean v. Secor, 876 F.Supp. 695, 698 (E.D. Pa.1995).

The Supreme Court repeatedly has made it patently clear that negligence claims cannot support liability under section 1983. *See, e.g.*, County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1720 (1998) (motorcyclist's death that resulted from high-speed police chase was

4

not actionable under 42 U.S.C. § 1983); Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992) (failure to provide safe work environment did not state a section 1983 claim); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (the state had no constitutional duty to protect a child against beatings by his father even though the state was aware of the father's abuse and had at one time taken custody of the child); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (mere negligence does not satisfy the deliberate indifference standard; a plaintiff must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm) (internal quotation omitted).

Here, Plaintiff does not allege that he suffered any harm from Defendants' actions. Moreover, he claims that Defendants' actions were not intentional. Complaint, ¶ V.C.2. At most, his assertions allege mere negligence, which cannot state a claim for which relief may be granted under 42 U.S.C. § 1983. Thus, his Complaint should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Complaint be dismissed with prejudice under the screening provisions in the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a

waiver of any appellate rights.

December 15, 2011

Cornelius Carter
202 Stephanie Drive
Easton, PA 18045

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge